## STATE v. LOPEZ

### [No. 2714.   Sept. 30, 1922.]

#### SYLLABUS BY THE COURT

An indictment under Chapter 57, Laws 1919, for illegal branding of animals is fatally defective in failing to allege that the animal in question was, at the time, an unbranded animal.

Appeal from District Court, Socorro County; Owen, Judge.

Jesus Lopez was convicted of the unlawful branding of. one head of neat cattle, and he appeals. Reversed and remanded.

Spicer & Sedillo, of Socorro, for appellant.
H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

PARKER, J. The appellant was convicted of the unlawful branding of one head of neat cattle. He was indicted under chapter 57, Laws 1919, which is as follows:

"Any person who shall knowingly mark or brand any unmarked or unbranded * * * neat cattle in this state with a mark or brand not the recorded, kept-up or running brand of the owner of such animal shall be deemed guilty of a felony. * * * "

This act is an amendment of section 1610, Code 1915, which was originally enacted in 1895 as section 20 of chapter 6 of the laws of that year, and which appeared as section 124 of the Compiled Laws of 1897. The section was designed, as originally enacted and as it finally appears in its amended form as chapter 57 Laws 1919, to reach cases of unlawful branding of unbranded animals found running at large upon the public ranges of the state. This is a favorite device adopted by the cattle thieves. It is comparatively simple and safe to put upon an unbranded calf a brand unknown and unclaimed at the time and to afterwards when the evidence of ownershp has become lost by the fact that the calf has become weaned from its mother, record the fictitious brand as the brand of the thief. The statute was evidently designed to meet jus tsuch cases as this. It contains certain distnguishing words characterizing the offense. The unlawful branding must be done knowingly, and the brand must be put upon an unbranded or unmarked animal. In the latter particular the in-

dictment in this case is fatally defective. The animal is not charged to have been unmarked or unbranded. No advantage of this defect was taken by appellant in the court below by motion to quash, motion in arrest, or otherwise, and the proposition is presented here for the first time. The point is available, however, because, in the absence of the allegation mentioned, the indictment fails to charge a crime. Territory v. Cortez, 15 N. M. 92, 103 Pac. 264. The Attorney General suggests that the indictment might be sustained as charging a crime. under chapter 56, Laws 1919. This is a general statute . covering illegal branding and other subjects. It is sufficient to say that the case was submitted to the jury upon the express theory that the prosecution rested upon chapter 57, above mentioned.

It follows from all of the foregoing that the judgment is erroneous, and should be reversed, and the cause remanded, with directions to set aside the judgment and discharge the appellant; and it is so ordered.

RAYNOLDS, C. J., concurs.